IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Ronald A. Katz Technology Licensing, L.P.,

    Plaintiff,

vs.

Qwest Services Corporation, Qwest Corporation, Qwest Information Technologies, Inc., and Qwest Business Resources, Inc.,

    Defendants.

## PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its complaint against Qwest Services Corporation; Qwest Corporation; Qwest Information Technologies, Inc.; and Qwest Business Resources, Inc.:

### THE PARTIES

1.    Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.    On information and belief, Defendant Qwest Services Corporation is a Colorado corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202.

3. On information and belief, Defendant Qwest Corporation is (a) a Colorado corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202 and (b) a subsidiary of Qwest Services Corporation.

4. On information and belief, Defendant Qwest Information Technologies, Inc. is a (a) Colorado corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Services Corporation.

5. On information and belief, Defendant Qwest Business Resources, Inc. is a (a) Colorado corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Services Corporation.

## JURISDICTION AND VENUE

6. This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

7. Qwest Services Corporation; Qwest Corporation; Qwest Information Technologies, Inc.; and Qwest Business Resources, Inc. (collectively, the "Qwest Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are organized under the laws of Colorado and/or maintain corporate headquarters in this district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b) because the Defendants are incorporated, reside, have designated a registered agent in, and/or engage in significant business activities in this district as set forth in Paragraphs 2-5 and 7.

## BACKGROUND

9. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

10. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

11. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

12. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

13.   The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

14.   In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

15.   Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

16.   Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

17.   Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

18.   In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to

each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

19. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over two hundred companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

20. Each of the Qwest Defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage the Qwest Defendants and/or their corporate affiliates in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

### The Asserted Patents

21. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 ("the '968 patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 patent expired on December 20, 2005.

22. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 ("the '150 patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 patent expired on December 20, 2005.

23. On July 3, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,939,773 ("the '773 patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

24. On January 22, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,987,590 ("the '590 patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

25. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 ("the '984 patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

26. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 ("the '252 patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

27. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 ("the '309 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '309 patent expired on December 20, 2005.

28. On March 22, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,297,197 ("the '197 patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

29. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 ("the '285 patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 patent expired on December 20, 2005.

30. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 ("the '707 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '707 patent expired on December 20, 2005.

31. On August 15, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,442,688 ("the '688 patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

32. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 ("the '863 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 patent expired on December 20, 2005.

33. On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 ("the '156 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '156 patent expired on December 20, 2005.

34. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 ("the '551 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 patent expired on December 20, 2005.

35. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 ("the '734 patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

36. On November 10, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,835,576 ("the '576 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery Device." The '576 patent expired on July 10, 2005

37. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 ("the '762 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 patent expired on December 20, 2005.

38. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 ("the '893 patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 patent expired on December 20, 2005.

39. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 ("the '120 patent") to Ronald A.

Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

40. On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 ("the '021 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 patent expired on December 20, 2005.

41. On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 ("the '135 patent") to Ronald A. Katz for an invention entitled "Telephone-Interface Lottery System." The '135 patent expired on July 10, 2005.

42. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 ("the '065 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 patent expired on July 10, 2005.

43. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,157,711 ("the '711 patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

44. On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 ("the '965 patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 patent expired on December 20, 2005.

45. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 ("the '134 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 patent expired on December 20, 2005.

46. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 ("the '703 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 patent expired on July 10, 2005.

47. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 ("the '223 patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 patent expired on July 10, 2005.

48. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 ("the '360 patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 patent expired on July 10, 2005.

**PATENT INFRINGEMENT CLAIM**

49. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-48 of this Complaint as if fully set forth herein.

50. Qwest Services Corporation, together with, *inter alia*, its operating subsidiary Qwest Corporation and its business services subsidiaries Qwest Information

Technologies, Inc. and Qwest Business Resources, Inc., provides its customers with high-speed Internet, data, video and voice services.

51. On information and belief, the Qwest Defendants use infringing call processing systems to offer automated customer service, voice messaging, and conferencing functions. Using an automated system, in some instances in connection with operators, the Qwest Defendants allow their residential and business customers to change or order service, check order status, make payments, obtain account information, report service problems, schedule repairs, obtain product and service information, set up and access voicemail, place calls using a calling card, manage prepaid calling card accounts, utilize conferencing services, and perform various other functions.

52. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '135, '150, '156, '197, '223, '252, '285, '309, '360, '551, '576, '590, '688, '703, '707, '711, '734, '762, '773, '863, '893, '965, '968, and '984 patents.

53. On information and belief, in their customer service, voice messaging, calling card, and conferencing operations described in Paragraph 50 (collectively, the "Accused Qwest Services"), the Qwest Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 52 of this Complaint by making, using, offering to sell, or selling the Accused Qwest Services.

54. On information and belief, the Qwest Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '197, '252, '590, '688, '711, '734, '773, and '984 patents by making, using, offering to sell, or selling the Accused Qwest Services.

55. The Qwest Defendants' infringement of the patents identified in Paragraph 52 of this Complaint has been and is willful.

56. The Qwest Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1. Adjudge that the Qwest Defendants have been and are infringing one or more claims of the patents identified in Paragraph 52 of this Complaint by offering the Accused Qwest Services;

2. Adjudge that the Qwest Defendants' infringement has been and is willful;

3. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Qwest Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '197, '252, '590, '688, '734, '773, and '984 patents;

4.  Order an accounting for damages resulting from the Qwest Defendants' infringement of the patents identified in Paragraph 52 of this Complaint;

5.  Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Qwest Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.  Enter an order, pursuant to 35 U.S.C. § 284, and based on the Qwest Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Qwest Defendants;

7.  Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

8.  Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

Dated: November 8, 2007

Respectfully submitted,

*s/ Robert T. Haslam*

Robert T. Haslam, Esq.
Andrew C. Byrnes, Esq.
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: (650) 324-7000
Fax: (650) 324-0638
E-mail: Robert.Haslam@hellerehrman.com
Andrew.Byrnes@hellerehrman.com

*s/ Brian S. Tooley*

Brian S. Tooley, Esq.
Welborn Sullivan Meck & Tooley, PC
821 17th Street, Suite 500
Denver, CO 80202
Phone: (303) 830-2500
Fax: (303) 832-2388
E-mail: btooley@wsmtlaw.com

***ATTORNEYS FOR PLAINTIFF,***
***Ronald A. Katz Technology Licensing, L.P.***